# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,** | : CIVIL ACTION NO. 1:16-CV-1342 <br> : <br> : (Chief Judge Conner) |
| **Plaintiff** | |
| v. | |
| **WILLIAM HACK,** | |
| **Defendant** | |

## **MEMORANDUM**

Plaintiff Metropolitan Group Property and Casualty Insurance Company ("Metropolitan") commenced this action for declaratory judgment and fraud against defendant William Hack ("Hack"). (Doc. 1). Hack moves to dismiss for lack of jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the court will grant the motion in part and deny it in part.

I.  **Factual Background & Procedural History**

Metropolitan is an insurance company that maintains its principal place of business in Warwick, Rhode Island and is licensed to issue policies in Pennsylvania. (Doc. 1 ¶ 1). Hack resides in Pennsylvania. (Id. ¶ 2). Metropolitan issued a personal automobile insurance policy to Hack's sister ("the policy"), and it potentially covers Hack through that policy. (Id. ¶ 5; Doc. 1-2 at 2).

On December 21, 2014, Pennsylvania State Police officers responded to reports that a motor vehicle had collided with a home in Dublin Township, Pennsylvania. (Doc. 1 ¶¶ 9-10). A driver lost control of his motor vehicle and crashed into the home Hack shared with his sister at approximately 2:15 a.m. (Id. ¶¶ 10-11). The vehicle struck the home on the first floor directly below the second floor bedroom where Hack was sleeping. (Id. ¶ 18). During an interview with Metropolitan, Hack stated that, as a result of the impact, he "flew out [of bed], hit the desk, [and] broke the desk." (Id.) Hack explained that, after the collision, he went downstairs to determine whether anyone was injured. (Id. ¶ 17). He remained downstairs for the rest of the evening. (Id.)

Hack experienced persistent pain in his right arm and shoulder and noticed numbness in his fingertips after the accident. (Id.) Hack self-treated with ibuprofen for a few months before obtaining treatment. (Id.) His doctor diagnosed C5-C6 disc injuries and a pinched nerve. (Id.) Hack subsequently submitted an insurance claim under the policy wherein he averred that the accident caused these physical injuries. (Id. ¶ 16).

2

Metropolitan retained an accident reconstruction expert in the course of investigating Hack's claim. (Id. ¶ 26). The expert's report indicates that the accident likely did not cause Hack's injuries. (Id. ¶ 28). It explicitly provides that the vehicle that hit Hack's home would have had to move the entire house to throw Hack out of his bed and onto his desk. (Id.) The report opines that this scenario is "unequivocally impossible," concluding that Hack's story "would require the [momentary] suspension of the Laws of Physics." (Id.)

Metropolitan initiated the instant action with the filing of a complaint on June 30, 2016. (Doc. 1). Therein, Metropolitan asserts a claim for declaratory judgment and a common law fraud claim with a demand for punitive damages. Hack filed a motion (Doc. 6) to dismiss the complaint for lack of jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The motions are fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). Such jurisdictional challenges take one of two forms: (1) parties may levy a "factual" attack, arguing that one or more of the pleading's factual allegations are untrue, removing the action from the court's jurisdictional ken, see Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); or (2) they may assert a "facial" challenge, which assumes the veracity of the complaint's allegations but nonetheless argues that a claim is not within the court's jurisdiction, see Tolan v. United States, 175 F.R.D. 507, 510 (E.D. Pa. 1998). In either instance, it is the

plaintiff's burden to establish jurisdiction. See Mortensen, 549 F.2d at 891. Courts should grant a Rule 12(b)(1) motion only when it appears with certainty that assertion of jurisdiction would be improper. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Tolan, 176 F.R.D. at 510.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next,

4

the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id. at 131; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555. A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Courts need not grant leave to amend in dismissing non-civil rights claims pursuant to Rule 12(b)(6), Fletcher-Harlee Corp., 482 F.3d at 251, but leave is broadly encouraged "when justice so requires." FED. R. CIV. P. 15(a)(2).

### III. Discussion

Hack avers that Metropolitan's complaint is deficient in three respects. He first asserts that Metropolitan's complaint contains factual misstatements relating to the amount in controversy which compel dismissal for lack of jurisdiction. (Doc. 6 ¶ 10). Hack alternatively submits that the court must dismiss Metropolitan's fraud claim pursuant to the "gist of the action doctrine" and for failure to satisfy the heightened pleading standard for such claims set forth in Federal Rule of Civil

5

Procedure 9(b). (Id. ¶¶ 11-19). The court will consider its jurisdiction over the instant matter before evaluating Hack's remaining arguments.

### A. Motion to Dismiss - Amount in Controversy

Hack asserts that the court should dismiss Metropolitan's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because it fails to meet the amount in controversy requirement for diversity jurisdiction. (Doc. 7 at 5-6 (citing 32 U.S.C. § 1332)). Hack specifically argues that Metropolitan's claims amount to approximately $10,000, far below the diversity jurisdiction threshold. (Id. at 6).

As the party invoking the court's jurisdiction, Metropolitan maintains "the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016) (citing Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 506-07 (3d Cir. 2014)). This burden is "not especially onerous." Id. The complaint must fail to allege the amount in controversy requirement "to a legal certainty" to justify dismissal pursuant to Rule 12(b)(1). Id. at 395 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Courts cannot evaluate "the legal sufficiency" or soundness of a plaintiff's claims in determining whether dismissal is appropriate. Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997). In other words, the court retains jurisdiction unless a plaintiff's claims are facially "insubstantial" to satisfy the amount in controversy requirement. Lunderstadt v. Colafella, 885 F.2d 66, 69-70 (3d Cir. 1989) (quoting Hagans v. Lavine, 415 U.S. 528, 542 n.10 (1974)).

6

We evaluate jurisdiction based on the circumstances existing at the time the diversity action is filed. Auto-Owners Ins. Co., 835 F.3d at 395-96 (citing St. Paul Mercury Indem. Co., 303 U.S. at 293). Post-pleading events cannot reduce the amount in controversy to divest a court of jurisdiction, nor can they increase it to establish jurisdiction that did not previously exist. Id. (citing St. Paul Mercury Indem. Co., 303 U.S. at 293). *In hoc sensu*, the United States Court of Appeals for the Third Circuit has instructed that diversity jurisdiction is not destroyed by the merits dismissal of one claim, even when recovery on the remaining claim cannot satisfy amount in controversy requirements. Lindsey v. M.A. Zeccola & Sons, Inc., 26 F.3d 1236, 1244 n.10 (3d Cir. 1994) (citing Nationwide Mut. Fire Ins. Co. v. T & D Cottage Auto Parts & Serv., Inc., 705 F.2d 685, 687 (3d Cir. 1983)); see also Barbuto v. Med. Shoppe Int'l, Inc., 166 F. Supp. 2d 341, 344 (W.D. Pa. 2001) (citing Lindsey, 26 F.3d at 1244 n.10).

In the matter *sub judice*, Metropolitan contends that Hack's alleged fraudulent activity implicates full insurance policy benefits, including underinsured motorist benefits, "in excess of $300,000." (Doc. 1 ¶¶ 4, 8, 29). In declaratory judgment actions involving insurance contracts, "the amount in controversy is determined by assessing the value of the underlying legal claims for which insurance coverage is sought." Coregis Ins. Co. v. Schuster, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001) (citations omitted). Plaintiffs may not rely on the limits of an insurance policy to establish jurisdiction if the record demonstrates that the underlying claim for benefits is below the jurisdictional threshold. See Miller

7

v. Liberty Mut. Grp., 97 F. Supp. 2d 672, 675-76 (W.D. Pa. 2000) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995); Manze v. State Farm Ins. Co., 817 F.2d 1062, 1068 (3d Cir. 1987)); State Farm Mut. Auto. Ins. Co. v. Schambelan, 738 F. Supp. 926, 928-29 (E.D. Pa. 1990). Hack proffers an affidavit wherein he avers that the value of his declaratory action claim is $50,000 or less. (Doc. 6-5). The court will accordingly limit the amount in controversy with respect to Metropolitan's declaratory judgment action to $50,000 for purposes of our jurisdictional calculus. (Id.)

Metropolitan also claims punitive damages with regard to its fraud claim. Punitive damages requests may elevate the amount in controversy above the jurisdictional threshold unless the claim is "so legally insufficient as to be frivolous." Vives v. Rodriguez, 849 F. Supp. 2d 507, 513-14 (E.D. Pa. 2012) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993)). We ultimately dismiss Metropolitan's fraud claim *infra* pursuant to the gist of the action doctrine. However, the court cannot conclude that Metropolitan's fraud claim or demand for punitive damages are deficient to the point of frivolity. The amount in controversy at the time Metropolitan filed its complaint was in excess of the jurisdictional minimum. The court will accordingly deny Hack's motion to dismiss for lack of jurisdiction.

### B. Motion to Dismiss Count II

Metropolitan alleges that Hack fraudulently seeks to recover benefits under the policy for physical injuries he sustained after the December 2014 accident. (Doc. 1 ¶¶ 36-40). Hack argues that Metropolitan's fraud claim is barred by the gist

of the action doctrine. (Doc. 7 at 9-11). Under Pennsylvania law, the gist of the action doctrine bars tort claims when "the true gist or gravamen of the claim" sounds in contract. Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014). Metropolitan does not respond to Hack's gist of the action argument in its briefing. (Doc. 9 at 4-7). Hence, Metropolitan has effectively waived any objection to Hack's gist of the action arguments. See D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999). Even if Metropolitan had not waived its opposition, the court would nevertheless conclude that the doctrine is properly applied in the instant matter for the reasons that follow.

The salient inquiry is whether a defendant's alleged breach of a duty "is one created by the parties by the terms of their contract." Bruno, 106 A.3d at 68 (citations omitted). The existence of a contract is not determinative in a gist of the action analysis. See Synthes, Inc. v. Emerge Med., Inc., 25 F. Supp. 3d 617, 723-24 (E.D. Pa. 2014) (citations omitted). Plaintiffs who bring tort actions must allege events or facts independent from a contract which give rise to a claim. Frank C. Pollara Grp., LLC v. Ocean View Inv. Holding, LLC, 784 F.3d 177, 186 (3d Cir. 2015) (quoting Addie v. Kjaer, 737 F.3d 854, 865-66 (3d Cir. 2013)). If a complaint's allegations "establish that the claim involves the defendant's violation of a broader social duty owed to all individuals," the claim sounds in tort and survives a motion to dismiss. Bruno, 106 A.3d at 68 (citations omitted).

The policy contains specific terms regarding fraudulent activities. It provides that Metropolitan may void an insured's policy if the insured "conceals or misrepresents any material fact or circumstance;" "makes a fraudulent statement;"

or "takes part in or attempts any fraudulent conduct." (Doc. 1 ¶ 30). Metropolitan's declaratory judgment claim requests that the court declare Hack's conduct violated the policy's terms concerning fraud. (See id. ¶¶ 5-35). Metropolitan's separate count for fraud and misrepresentation avers that Hack "fraudulently claimed insurance coverage for alleged injuries under his insurance policy." (Id. ¶ 37).

Metropolitan's fraud claim is indistinct from the parties' contract. Metropolitan articulates a purely contractual duty wherein the parties agreed that Hack would refrain from lying to obtain insurance benefits.[1] The complaint relies on a singular instance of conduct to support both its declaratory judgment action and fraud claim. In its averments supporting declaratory judgment, Metropolitan contends that Hack "fraudulently claimed injuries allegedly covered by the Metropolitan policy." (Id. ¶ 31). The fraud contentions contain similar language, to

---

[1] Several courts in this circuit have held that the gist of the action doctrine bars fraud claims if they arise solely out of the execution of a contract. See, e.g., KBZ Commc'ns Inc. v. CBE Techs. LLC, 634 F. App'x 908, 910-13 (3d Cir. 2015); Nittany Nova Aggregates, LLC v. WM Capital Partners, LLC, No. 16-120, 2016 WL 6248951, at *4-6 (M.D. Pa. Oct. 26, 2016); A/Z Corp. v. Lowe's Home Ctr., LLC, No. 15-533, 2016 WL 1271356, at *3-4 (M.D. Pa. Mar. 31, 2016); Endless Summer Prods., LLC v. Mirkin, No. 15-6097, 2016 WL 807760, at *2-3 (E.D. Pa. Mar. 2, 2016); Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R. R., 101 F. Supp. 3d 497, 534-35 (W.D. Pa. 2015); Tippett v. Ameriprise Ins. Co., No. 14-4710, 2015 WL 1345442, at *3 (E.D. Pa. Mar. 25, 2015).

wit: that "Hack has fraudulently claimed insurance coverage for alleged injuries under his insurance policy intentionally and fraudulently misrepresenting his injuries and the cause of all claimed injuries." (Id. ¶ 37). These bases for liability are facially fungible; the insurance policy forms the only basis for Metropolitan's fraud claim against Hack. To allow Metropolitan to pursue both its declaratory judgment action and its fraud claim would permit Metropolitan to recover twice for Hack's alleged breach of the policy's terms. See Bruno, 106 A.3d at 64-66. The court will accordingly dismiss Metropolitan's fraud claim with prejudice pursuant to the gist of the action doctrine and will decline to address Hack's other arguments regarding dismissal thereof.

## IV. Conclusion

The court will grant Hack's motion (Doc. 6) to dismiss in part and will deny it in part. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: May 3, 2017